**RECEIVED FOR SCANNING**
VENTURA SUPERIOR COURT

JUN 11 2020

AFTER 4:00 P.M.

1  SOMMERS SCHWARTZ, P.C.
   Trenton R. Kashima, Esq. (SBN 291405)
2  Elaina S. Bailey
   tkashima@sommerspc.com
3  402 West Broadway, Suite 1760
   San Diego, California 92101
4  Telephone: (619) 762-2126
   Facsimile:  (619) 762-2123
5
6  THE GILLILAND FIRM
   Douglas S. Gilliland, Esq. (SBN 157427)
   doug@thegillilandfirm.com
7  402 West Broadway, Suite 1760
   San Diego, California 92101
8  Telephone: (619) 878-1580
   Facsimile:  (619) 878-6630
9
10 *Attorneys for Plaintiff
   and the Putative Class*

11

12                SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF VENTURA COUNTY

14

| | |
|---|---|
| 15  KIM SIFLINGER, Individually and on Behalf of All Others Similarly Situated, | Case No: |
| 16 | |
| 17                 Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 18      v. | (1) Untrue, Misleading, and Deceptive Advertising (Cal. Bus. & Prof. Code §17500, *et seq.*) |
| 19  KEURIG DR PEPPER, INC. and MOTT'S LLP, dba ReaLemon and ReaLime, | (2) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§1750. *et seq.* |
| 20 | |
| 21                 Defendants. | (3) Unlawful Business Practices and Acts (Cal. Bus. & Prof. Code §§17200, *et seq.*) |
| 22 | |
| 23 | (4) Unfair Business Practices and Acts (Cal. Bus. & Prof. Code §17200, *et seq.*) |
| 24 | (5) Fraudulent Business Practices and Acts (Cal. Bus. & Prof. Code §17200, *et seq.*) |
| 25 | |
| 26 | *By FAX* |
|    | **DEMAND FOR JURY TRIAL** |

27
28



---

CLASS ACTION COMPLAINT

EXHIBIT 1
-9-

Plaintiff Kim Siflinger, on behalf of **herself and all others** similarly situated, files this **class** action against Keurig Dr Pepper, Inc. and Mott's LLP, dba ReaLemon and ReaLime, (collectively referred to herein as "Defendants"), and alleges as follows:

## I. INTRODUCTION

1. Defendant Keurig Dr Pepper, Inc. owns, controls, and operates a family of companies that bottle and package a number of fruit juices and other beverages, including Defendant Mott's LLP. Defendant Mott's LLP markets itself as a leading manufacturer and distributor of healthy juice products.

2. Defendant Mott's LLP manufactures, labels, and distributes a number of juices under its own brand name ("Mott's") as well as other brands. Mott's is best known for its 100% apple juice blends, including its 100% Original Apple Juice, 100% Apple White Grape Juice, 100% Apple Cherry Juice, 100% Apple Mango Juice, and 100% Fruit Punch (referred to herein as the "Motts Juice Products"). Defendant Mott's LLP also manufactures the "Real" branded shelf-stable citrus juices, including ReaLemon 100% Lemon Juice and ReaLime 100% Lime Juice (referred to herein as the "Real Juice Products"). The Mott's Original Apple Juice, Mott's 100% Apple White Grape Juice, Mott's 100% Apple Cherry Juice, Mott's 100% Apple Mango Juice, Mott's 100% Fruit Punch, ReaLemon 100% Lemon Juice, and ReaLime 100% Lime Juice will be collectively referred to herein as the "100% Juice Products."

3. Collectively, Defendants' 100% Juice Products are sold in a number of different sizes. However, each of these Products make the same label claim: they are each advertised and warranted as containing 100% Juice. Yet, this is simply not true. Defendant's 100% Juice Products are fortified with chemical preservatives and/or flavors, including ascorbic acid, sodium benzoate, and sodium metabisulfite. Accordingly, the 100% Juice Products are demonstrably not "100% Juice" as advertised on the 100% Juice Products' labels. Such false representations are unlawful for the reasons alleged herein and injuring unsuspecting consumers who purchase Defendants' 100% Juice Products based on the truth of their labeling claims.

4. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover damages and restitution for Defendants' unlawful and deceptive labeling under: (1) the California

CLASS ACTION COMPLAINT
- 1 -

EXHIBIT 1
-10-

Consumer Remedies Act, Cal. Civ. Code § 1750, *et seq.*, (2) California Business and Professions Code, Unfair or Unlawful Business Practices, Cal. Bus. & Prof. Code, § 17200, *et seq.*; and (3) California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* Plaintiff also seeks public injunctive relief to ensure that Defendants remove any and all false or misleading labels and to prevent them from making similar representations in the future.

## II. JURISDICTION

5. This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, California Business & Professions Code § 17203, Civil Code § 1780(d) and Code of Civil Procedure §§ 382 and 410.10.

6. This Court has jurisdiction over Defendants because they are registered to conduct, and do conduct, substantial business within California.

7. Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Plaintiff contracted with the Defendant and a substantial or significant portion of the conduct complained of herein occurred and continues to occur within this County.

## III. PARTIES

8. Plaintiff Kim Siflinger is a resident of Simi Valley, California, and a citizen of California. Plaintiff Siflinger has purchased several of Defendant's 100% Juice Products in the past four years, including Defendants' 100% Original Apple Juice, 100% Lemon Juice, and ReaLime 100% Lime Juice at various grocery stores located in Ventura County, California.

9. Defendant Keurig Dr Pepper, Inc. is a Delaware Corporation with its headquarters in Plano, Texas. Keurig Dr Pepper Inc. is a leading beverage company in North America, with a diverse portfolio of beverage-based business, including Defendant Mott's LLP. Defendant Keurig Dr Pepper, Inc. conducts a unified business, to take advantage of economies of scale. Keurig Dr Pepper Inc. manufactures and distribute these non-carbonated beverages through its own distribution network, including each of the 100% Juice Products.

10. Defendant Mott's LLP manufactures, markets, advertises, distributes and sells the Mott's branded juice products throughout the United States, including the Mott's Original Apple Juice, Mott's 100% Apple White Grape Juice, Mott's 100% Apple Cherry Juice, Mott's 100% Apple Mango

Juice, Mott's 100% Fruit Punch, ReaLemon 100% Lemon Juice, and ReaLime 100% Lime Juice products.

## IV. SUBSTANTIVE ALLEGATIONS

11. Defendants prominently displayed, on the front of its products, that its 100% Juice Products contain "100% Juice." This "100% Juice" representation was made on the principle panel of the 100% Juice Products and is the largest representation that Defendants made on its Products, other than the name of the product itself.

12. For example, Defendants' Motts Juice Products each have the phrase "100% Juice" displayed on the front of each of the different types of packaging:

  

13. Similarly, Defendants also displayed the same "100% Juice" on the ReaLemon 100% Lemon Juice Products during the relevant time period:

 

CLASS ACTION COMPLAINT
- 3 -

EXHIBIT 1
-12-

14. The importance of the "100% Juice" representation is plain. Real estate on a product's label is limited, therefore beverage manufacturers are unlikely to devote sufficient and prominent labeling space to ineffective marketing claims. Defendants use labeling claims in the same role as any other manufacturer of consumer products, to differentiate their 100% Juice Products from the competition. Thus, the importance of labeling claims cannot be disputed. The California Supreme Court summarized what many years of marketing research have demonstrated: "Simply stated: labels matter." *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 328.

15. Consumers, on the whole, prefer food and beverage products that lack fillers, preserves, and unnecessary chemicals. Thus, the ingredients within a food and beverage product (or the lack of ingredients therein) is material to the average consumer. For example, the National Research Center found in its 2014 Consumer Reports that 69% of consumers reported that "avoiding artificial ingredients such as preservatives, colors or flavors" was "crucial."

16. Thus, the representation that a juice product is "100% Juice" is material to the reasonable consumer, factoring into the consumers decision to purchase the product and the amount he or she is willing to pay. Indeed, Plaintiff would not have purchased the 100% Juice Products had she known that such products contained non-juice ingredients–particularly chemical preservatives–or, alternatively, would have paid less.

17. A reasonable consumer would also comprehend that "100% Juice" in accordance with the terms ordinary, common understanding: the product contains nothing but Juice. Despite representing that the Products are "100% Juice," Defendants' 100% Juice Products contain a number of non-juice ingredients. These ingredients include synthetic preservatives, such as sodium benzoate, sodium bisulfite, and ascorbic acid.

18. Sodium benzoate is an odorless, crystalline preservative, with the E number E211. Sodium benzoate does not occur naturally, instead it is created synthetically. While sodium benzoate is generally recognized as a safe food additive, there is a concern that sodium benzoate can convert to benzene (particularly in the presence of ascorbic acid which is found in citrus juice), a known carcinogen. Additionally, some studies have linked sodium benzoate to hyperactivity in children.

CLASS ACTION COMPLAINT
- 4 -

EXHIBIT 1
-13-

19. Similarly, sodium metasulfite is a disinfectant, antioxidant, and preservative agent, which is also known by the E number E223. Sodium metasulfite may cause allergic reactions in those who are sensitive to sulfites, including respiratory reactions in asthmatics, anaphylaxis, and other allergic reactions in sensitive individuals.

20. Ascorbic acid is a vitamin, but when used in foods, it is often used as a preservative, antioxidant or color stabilizer. While generally found in natural foods, most ascorbic acid used in beverages is created by fermenting corn steep liquid (source of glucose), sorbitol, sodium carbonate, yeast extract and a defoaming agent together to produce sorbose in the a fermentation broth. Additional corn steep liquid, magnesium sulfate, urea, potassium dihydrogen sulfate, defoaming agent and sodium carbonate are added to the fermentation broth and it undergoes a second fermentation. Sodium 2-keto-gluconate is purified out of the filtered broth using ion-exchange chromatography. The resulting 2-KLGA is concentrated under vacuum, crystalized, and washed with the solvent methanol to remove organic impurities and is treated with concentrated sulfuric acid and sodium bicarbonate, then hydrochloric acid and sodium hydroxide to promote two chemical reactions (esterification and lacontization) that convert the 2-keto-1-gluconic acid into the final product ascorbic acid. This is a far cry from naturally occurring ascorbic acid, rendering it a chemical preservative.

21. Regardless of their safety, sodium benzoate, sodium metasulfite, ascorbic acid are food additives that should not be in a "100% Juice" product. Marketing the 100% Juice Products as "100% Juice" when they contain chemical preserves is unfair, unethical, and illegal. The Federal Food, Drug, and Cosmetic Act ("FDCA"), as amended by the Nutrition Labeling and Education Act ("NLEA"), is the principle source of law governing the propriety of food and beverage labels. The FDCA requires that beverage labels are not "false or misleading in any particular." 21 U.S.C. § 343(a)(1). California law contains the same prohibition. *Compare* HEALTH & SAFETY CODE § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.") *with* 21 U.S.C. § 343(a)(1).

22. Defendant should have known that such advertisements were false and misleading and, therefore, prohibited by law. It is the common understanding that that a product is only "100% Juice" if it is a *juice that does not contain non-juice ingredients*. This common belief has been long reflected in FDA guidance, which was incorporated into the federal regulations on May 8, 1993:

CLASS ACTION COMPLAINT
- 5 -

EXHIBIT 1
-14-

> FDA agrees that it is necessary to clarify the issue of a 100 percent juice declaration on a product that includes non-juice ingredients because it may be interpreted by some to mean the beverage contains juice and no other ingredients. The agency has advised repeatedly for a number of years that an unqualified 100 percent juice declaration on the principal display panel is misleading when the juice also contains non-juice ingredients...
>
> * * *
>
> Accordingly, FDA is requiring in § 101.30(b)(3) that for those products that do not declare the presence of the non-juice ingredient in the statement of identity, when a "100% juice" declaration appears on a panel of a juice beverage that does not also bear the ingredient statement, and the product contains a non-juice ingredient, the 100 percent juice declaration shall be accompanied by the qualifying phrase "with added _____," the blank filled in with the generic term "ingredient" or a term such as "preservative" or "sweetener."

58 Fed. Reg. 2897-01 (1993); *see also* 21 C.F.R. § 101.30(b)(3).

23. Still, ignoring good judgment and the federal regulations, Defendants adopted an indefensible definition of "100% Juice" to rationalize its clearly deceptive labeling claims.

24. Defendants know, and knew, that its "100% Juice" representations are completely false. Defendants later changed the Lemon Juice Products' "100% Juice" representation to "100% Juice... with added ingredients." Defendants, however, resisted this change until its position became completely untenable. This is because Defendants chose to false advertise its products, gaining an unfair advantage over competitors who accurately advertise their juice products.

25. Defendants' motivation in misrepresenting the 100% Juice Products is transparent. Wholesome food and beverage products are valued by consumers, and priced at a premium, because it is associated with healthier, better quality products. Had the 100% Juice Products been properly labeled, Plaintiff and other putative Class Members would not have purchased them or, alternatively, paid less. Accordingly, Plaintiff seek damages and restitution stemming from Defendants' false labeling, and public injunctive relief to prevent future harm.

V. **CLASS ACTION ALLEGATIONS**

26. Plaintiff brings this action as a class action pursuant to Cal. Civ. Proc. Code section 382 and 1781 for the following Classes of persons:

> All persons who, within four (4) years of the filing of this Complaint, purchased Defendants' 100% Juice Products in California for personal, family or household use, which did not disclose on the Product's front label that the Product contained "added ingredients."

CLASS ACTION COMPLAINT
- 6 -

EXHIBIT 1
-15-

Excluded from the Class are all legal entities (any purchasers whom, according to Defendants' records, identified themselves as affiliated with a company or other legal entity), Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, any entities that purchased the 100% Juice Products for resale, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

27. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

28. While the exact number of Class members is unknown to Plaintiff at this time, and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are tens of thousands of members in the proposed Class. The number of individuals who comprise the Class are is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

29. Plaintiff's claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendants' wrongful conduct as complained of herein, in violation of federal and state law. Plaintiff is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

30. Plaintiff will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation. Plaintiff and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff is aware of their duties and responsibilities to the Class.

31. Defendants have acted with respect to the Class in a manner generally applicable to each Class member, making class-wide injunctive and declaratory relief proper.

32. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, *inter alia*:

(a) Whether Defendants' 100% Juice Products contain 100% juice that would support the Products' label;

(b) **Whether** Defendants label, market and otherwise advertise its 100% Juice Products in a deceptive, false, or misleading manner by labeling the juice as "100% juice" when it is not;

(c) Whether Defendants' 100% Juice Products are misbranded for including the term "100% juice" on each of the Products' label;

(d) Whether Defendants' sale of their 100% Juice Products products constitutes unfair methods of competition and unfair or deceptive acts or practices in violation of, *inter alia*, Cal. Bus. & Prof. Code §§ 1770 *et seq.*, including:

    (i) Whether Defendants misrepresent the source, sponsorship, approval, or certification of their 100% Juice Products;

    (ii) Whether Defendants misrepresent that their 100% Juice Products have **benefits which they do not have;**

    (iii) Whether Defendants **represent that their 100% Juice Products are of a particular standard or quality if it is of another;** and

    (iv) Whether Defendants advertise their 100% Juice Products with intent not to sell them as advertised.

(e) Whether Defendants' business practices, alleged herein, constitute misleading and deceptive advertising under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17500-01.

(f) Whether Defendants' business practices, **alleged** herein, constitute "unlawful," "unfair," or "fraudulent" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including:

    (i) **Whether** Defendants' sale of their 100% Juice Products constitute "unlawful" or "unfair" business practices by violating the public policies set out in CAL. CIV. CODE §§ 1770 *et seq.*, CAL. BUS. & PROF. CODE § 17500 and other California and federal statutes and regulations;

    (ii) Whether Defendants' **sale of their** 100% Juice Products is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

    (iii) Whether Defendants' sale of their 100% Juice Products constitutes an

"unfair" business practice because consumer injury outweighs any countervailing benefits to consumers or competition, and because such injury could not be reasonably avoided by consumers; and

   (iv) Whether Defendants' sale of their 100% Juice Products constitutes a "fraudulent" business practice because members of the public are likely to be deceived

  (g) The nature and extent of remedies, including restitution, damages, and declaratory and injunctive relief to which Plaintiff and the Class are entitled; and

  (h) Whether Plaintiff and the Class should be awarded attorneys' fees and the costs of suit for Defendants' violations of the UCL, FAL, and CLRA.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

34. Defendants have acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

### FIRST COUNT

**Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* -
Untrue, Misleading and Deceptive Advertising
(On Behalf of the Class)**

35. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

36. At all material times, Defendants engaged in a scheme of offering its 100% Juice Products for sale to Plaintiff, and other members of the Class by way of, *inter alia*, commercial marketing, and advertising, internet content, product packaging and labeling, and other promotional materials.

37. These materials, advertisements and other inducements misrepresented and/or omitted the true contents and benefits of Defendants' 100% Juice Products products as alleged herein. Such

advertisements and inducements appear on the labels of Defendants' 100% Juice Products which are designed and controlled by Defendants.

38. Defendants' advertisements and other inducements come within the definition of advertising as contained in Cal. Bus. Prof. Code § 17500, *et seq.*, in that such promotional materials were intended as inducements to purchase Defendants' 100% Juice Products and are statements disseminated by Defendants to Plaintiff and other members of the Class.

39. Defendants knew, or in the exercise of reasonable care should have known, that the statements regarding its 100% Juice Products were false, misleading and/or deceptive.

40. Consumers, including Plaintiff and members of the Class, necessarily and reasonably relied on Defendants' statements regarding the contents of its products. Consumers, including Plaintiffs and members of the Class, were among the intended targets of such representations.

41. The above acts of Defendants, in disseminating said misleading and deceptive statements throughout the State of California and nationwide to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature and amount of the ingredients in Defendants' 100% Juice Products, and thus were in violations of Cal. Bus. Prof. Code § 17500, *et seq.*

42. Plaintiff and Class members were harmed and suffered injury as a result of Defendants' violations of the Cal. Bus. Prof. Code § 17500, *et seq.* Defendants have been unjustly enriched at the expense of Plaintiff and the members of the Class.

43. Accordingly, Plaintiff and members of the Class seek injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

### SECOND COUNT

**Violation of Cal. Civ. Code §§ 1750, *et seq.*-
Misrepresentation of a Product's standard, quality, sponsorship, approval, and/or certification
(On Behalf of the Class)**

44. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

45. Defendants' 100% Juice Products are a "good" as defined by California Civil Code §1761(a).

46. Defendants are each a "person" as defined by California Civil Code §1761(c).

47. Plaintiff and Class members are "consumers" within the meaning of California Civil Code §1761(d) because they purchased their 100% Juice Products for personal, family or household use.

48. The sale of Defendants' 100% Juice Products products to Plaintiff and Class members is a "transaction" as defined by California Civil Code §1761(e).

49. By labeling its 100% Juice Products as containing "100% Juice" when in fact these Products contained non-juice ingredients, Defendants violated California Civil Code §§ 1770(a)(2), (5), (7) and (9), as it misrepresented the standard, quality, sponsorship, approval, and/or certification of their 100% Juice Products.

50. As a result of Defendants' conduct, Plaintiff and Class members were harmed and suffered actual damages as a result of Defendants' unfair competition and deceptive acts and practices. Had Defendants disclosed the true nature and/or not falsely represented its 100% Juice Products' contents, Plaintiff and the Class would not have been misled into purchasing Defendants' 100% Juice Products, or, alternatively, pay significantly less for them.

51. Plaintiff, on behalf of herself and all other similarly situated California consumers, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendants continuing these unlawful practices pursuant to California Civil Code § 1782(a)(2).

52. Plaintiff provided Defendants with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a) *via* certified mail, demanding that Defendants correct such violations.

53. If Defendants fail to respond to Plaintiff's CLRA notice within 30 days, Plaintiff may amend this Complaint to seek all available damages under the CLRA for all violations complained of

herein, including, but not limited to, statutory damages, punitive damages, attorney's fees and cost and any other relief that the Court deems proper.

### THIRD COUNT

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* -
Unlawful Business Acts and Practices
(On Behalf of the Class)**

54. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

55. The Sherman Law, Health & Saf. Code §§ 109875 *et seq.*, broadly prohibits the misbranding of any food products. The Sherman Law provides that food is misbranded "if its labeling is false or misleading in any particular." Health & Saf. Code § 110660.

56. Defendants are a person within the meaning of Health & Saf. Code § 109995.

57. Additionally, California has adopted as its own regulations, and as the Sherman Law expressly incorporates, "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date" as "the food labeling regulations of this state." Federal statutes and regulations, including, but not limited to, 21 U.S.C. §§ 321, 343 and 21 C.F.R. § 21 C.F.R. § 101.30, prohibit the mislabeling and misbranding of food products.

58. Federal statutes and regulations, and the corresponding state statutes and regulations, prohibit misleading consumers by misrepresenting a product's ingredients. The FDA has long held that Defendants' actions are unlawful, and enacted regulations to combat such false product labeling. 58 Fed. Reg. 2897-01 (1993); *see also* 21 C.F.R. § 101.30(b)(3).

59. The California Civil Code § 1770(a)(2), (5), (7) and (9) also prohibits mislabeling food misrepresenting the standard, quality, sponsorship, approval, and/or certification of food products, as noted in above.

60. The business practices alleged above are unlawful under Business and Professional Code §§ 17500, *et seq.*, California Civil Code §§ 1770(a)(2), (5), (7) and (9) and the Sherman Law, each of which forbids the untrue, fraudulent, deceptive, and/or misleading marketing, advertisement, packaging and labelling of food and beverage products.

61. As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including **full restitution** of all improper revenues derived from Defendants' wrongful conduct to the fullest extent permitted by law.

### FOURTH COUNT

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* -
Unfair Business Acts and Practices
(On Behalf of the Class)**

62. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

63. Plaintiff and other members of the Class who purchased Defendants' 100% Juice Products suffered a substantial injury by virtue of buying a product that misrepresented and/or omitted the true contents and benefits of its juice contents. Had Plaintiff and members of the Class known that Defendants' materials, advertisement and other inducements misrepresented and/or omitted the true contents and benefits of its 100% Juice Products they would not have purchased said products or would have paid less.

64. Defendants' actions alleged herein violate the laws and public policies of California and the federal government, as set out in the preceding paragraphs of this Complaint.

65. There is no benefit to consumers or competition by allowing Defendants to deceptively market, advertise, package and label its 100% Juice Products.

66. The gravity of the harm suffered by Plaintiffs and Class members who purchased Defendants' 100% Juice Products outweighs any legitimate justification, motive or reason for marketing, advertising, packaging and labeling the 100% Juice Products in a deceptive and misleading manner. Accordingly, Defendants' actions are immoral, unethical, unscrupulous and offend the established public policies as set out in federal regulations and is substantially injurious to Plaintiff and members of the Class.

67. The above acts of Defendants, in disseminating said misleading and **deceptive** statements throughout the State of California to consumers, including Plaintiff and members of the

Class, were and are likely to deceive reasonable consumers by obfuscating the true nature of the ingredients in Defendants' 100% Juice Products, and thus were violations of Cal. Bus. Prof. Code §§ 17200, *et seq.*

68. As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of themselves and all others similarly situated, and as appropriate, on behalf of the general public, seek injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues derived from Defendants' wrongful conduct to the fullest extent permitted by law.

### FIFTH COUNT

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* -
Fraudulent Business Acts and Practices
(On Behalf of the Class)**

69. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

70. Such acts of Defendants, as described above constitute, a fraudulent business practice under Cal. Bus. & Prof. Code §§ 17200, *et seq*.

71. As more fully described above, Defendants mislabel the contents in the 100% Juice Products. Defendants' misleading marketing, advertising, packaging, and labeling are likely to, and do, deceive reasonable consumers. Indeed, Plaintiff was deceived about the ingredients in Defendants' 100% Juice Products, as Defendants' marketing, advertising, packaging, and labeling of its 100% Juice Products misrepresents and/or omits the true nature of the Products' contents and benefits. Said acts are fraudulent business practices and acts.

72. Defendant's misleading and deceptive practices caused Plaintiff to purchase Defendants' 100% Juice Products and/or pay more than they would have otherwise had they know the true nature of the contents of the Lemon Juice Products.

73. As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of themselves and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues derived

from Defendants' wrongful conduct to the fullest extent permitted by law.

## VI. PRAY FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A. For an order declaring that this action is properly maintained as a class action and appointing Plaintiff as representative for the Class, and appointing Plaintiff's counsel as Class counsel;

B. For an order enjoining Defendants from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

C. For an order directing Defendants to make corrective notices on its website and in other appropriate publications.

D. For an award of restitution and damages, including punitive damages, resulting from Defendants' unlawful advertising;

E. For an order awarding attorneys' fees and costs of suit, including expert witness fees, as permitted by law; and

F. Such other and further relief as this Court may deem just and proper.

## VII. JURY TRIAL

Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

Respectfully submitted,

SOMMERS SCHWARTZ P.C.

Dated: June 3, 2020    By:_____
Trenton R. Kashima, Esq.

*Attorneys for Plaintiff
and the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT
- 16 -

EXHIBIT 1
-25-

SOMMERS SCHWARTZ, P.C.
Trenton R. Kashima, Esq. (SBN 291405)
Elaina S. Bailey
tkashima@sommerspc.com
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 762-2126
Facsimile: (619) 762-2123

Attorneys for Plaintiff
and the Putative Class

VENTURA
SUPERIOR COURT
FILED
JUN 11 2020
MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
CRISTAL V. ALVAREZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF VENTURA COUNTY

| | |
|---|---|
| KIM SIFLINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG DR PEPPER, INC. and MOTT'S LLP, dba ReaLemon and ReaLime.<br><br>Defendants. | Case No: 56-2020-00542502-CU-BT-VTA<br><br>DECLARATION OF KIM SIFLINGER<br><br>ByFAd |

DECLARATION OF KIM SIFLINGER

EXHIBIT 1
-26-

I, Kim Siflinger, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could competently testify thereto. I am a Plaintiff in the above-captioned action. I submit this declaration in support of the Second Consolidated Amended Class Action Complaint, which is based in part on violations of the Consumers Legal Remedies Act, California Civil Code section 1750 et seq.

2. The Second Consolidated Amended Class Action Complaint has been filed in the proper place for trial of this action. I purchased Defendants' 100% Original Apple Juice, 100% Lemon Juice, and ReaLime 100% Lime Juice at various grocery stores located in Ventura County, California in the past four years. Accordingly, the Superior Court for the County of Ventura is the proper venue of this action.

I declare under penalty of perjury under the laws of California and the United States that the foregoing affidavit is true and correct to the best of my knowledge, and was executed by me in the city of Simi Valley, California on 3/31/20 day of March, 2020.

_____
Kim Siflinger